UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-0839-BK |
| | § | |
| NANCY BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

Pursuant to the parties' consent to proceed before the magistrate judge, Doc. 17, this case has been transferred to the undersigned for a final ruling. The Court now considers the parties' cross-motions for summary judgment. For the reasons that follow, Plaintiff's *Motion for Summary Judgment*, Doc. 20, is **GRANTED**, Defendant's *Motion for Summary Judgment*, Doc. 22, is **DENIED**, the Commissioner's decision is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this Opinion.

**I.    BACKGROUND**[1]

**A.    Procedural History**

Plaintiff seeks judicial review of the final decision of the Commissioner denying his claim for disability insurance benefits and supplemental security income under the Social Security Act ("the Act"). In May 2013, Plaintiff filed for benefits, claiming that he became disabled in October 2012. Doc. 13-3 at 20; Doc. 13-4 at 74; Doc. 13-6 at 2, 6. His application

---

[1] The following background comes from the transcript of the administrative proceedings, which can be found at Doc. 13 & Doc. 14.

was denied at all administrative levels, and he now appeals to this Court pursuant to 42 U.S.C. § 405(g).  Doc. 13-3 at 2-5; Doc. 13-3 at 16-30; Doc. 13-5 at 2, 8-9, 13-16.

      **B.**     **Factual Background**

Plaintiff was 46 years old on the date of his alleged onset of disability.  Doc. 13-4 at 16; Doc. 13-6 at 2.  He had graduated from high school and earned approximately 20 credit hours at college, and had past relevant work as an order picker, material handler, and material handler supervisor.  Doc. 13-3 at 40-44; Doc. 13-3 at 56; Doc. 13-7 at 7.

Plaintiff has a long history of back pain dating back to at least January 2013.  He has made multiple emergency room visits during which he obtained prescription pain medications.  Doc. 13-9 at 3-7; Doc. 14 at 7.  An MRI conducted in January 2013 revealed that Plaintiff had a right-sided disc herniation with extrusion at L3-L4 that caused right lateral stenosis, neural impingement, and L3 nerve root abutment.  Doc. 13-9 at 16-18.  The MRI also showed disc bulging at L4-L5 and L5-S1 levels which abutted the L4 nerve root.  Doc. 13-9 at 17.  Plaintiff's doctor diagnosed him with a significant L3-L4 disc herniation which caused right-sided symptoms and advised Plaintiff to follow up with an orthopedic surgeon as soon as possible.  Doc. 13-9 at 13.

During various hospital visits, Plaintiff reported right leg pain and numbness and back pain.  Doc. 14 at 5-7; Doc. 14 at 12; Doc. 14 at 25; Doc. 14 at 34-38; Doc. 14 at 47; Doc. 14-1 at 55-56.  A CT scan taken in June 2013 indicated that Plaintiff had, *inter alia*, (1) mild disc space narrowing with vacuum disc phenomena at L5-S1; (2) mild to moderate central canal stenosis at L5-S1 secondary to a disc bulge; and (3) multifactorial moderate to severe central canal stenosis at L3-L4 and L4-L5.  Doc. 13-8 at 26.

In July 2013, state agency consultant Dr. Patty Rowley, M.D. opined that Plaintiff could occasionally lift and carry 50 pounds, frequently lift and carry 25 pounds, and sit/stand/walk for six hours in an eight-hour workday. Doc. 13-4 at 5-6. Dr. Rowley noted that Plaintiff could occasionally stoop and crouch, but never climb ladders, ropes, or scaffolds. Doc. 13-4 at 6. Dr. Rowley based her opinion on her review of Plaintiff's emergency room visits in January and June of 2013. Doc. 13-4 at 6-7. At the reconsideration level, Dr. Betty Santiago, M.D. affirmed Dr. Rowley's findings based on a review of the same evidence. Doc. 13-4 at 23-24.

In October 2013, Plaintiff went to the hospital and was seen by Dr. Tracy Hamblin, M.D. Plaintiff reported severe pain in his lower back that radiated to his right leg. Doc. 14 at 56. The following month, Dr. Hamblin noted that Plaintiff's pain worsened with prolonged sitting in good posture or leaning forward, and leaning backwards relieved his pain. Doc. 14-1 at 9. An MRI conducted in October 2013 revealed that Plaintiff had (1) diffuse disc osteophyte complex; (2) disc bulges from L3-L4 to L5-S1 causing moderate impingement of the right exiting L3 nerve roots; (3) mild impingement of the right exiting L4 and L5 nerve roots; (4) moderate to severe disc height loss at L5-S1; and (5) a tear of the posterior central annulus fibrosus at L3-L4 and L5-S1. Doc. 13-10 at 54.

Plaintiff was treated by Dr. David Grissom, M.D. in November and December 2013 to follow up on his back pain and hypertension. Doc. 14-1 at 21; Doc. 14-1 at 27. In December 2013, Dr. Nicholas DeFauw, D.O. and Dr. Hamblin administered an epidural steroid injection to Plaintiff. Doc. 14-1 at 36-39. Despite having 100% pain improvement immediately after the procedure, Plaintiff's pain returned shortly thereafter. Doc. 13-10 at 17; Doc. 14-1 at 39; Doc. 14-2 at 6. In February 2014, Plaintiff received an L2 block injection administered by Dr. Hamblin, but that too was unsuccessful. Doc. 14-2 at 15-20; Doc. 14-2 at 32.

The following month, Dr. Hamblin opined that a central annulus tear of L3-L4 and L5-S1 was the cause of most of Plaintiff's pain, which worsened when he leaned forward or sat for a prolonged period of time. Doc. 13-10 at 40. Plaintiff saw Dr. Grissom again in April 2014 for back pain, a herniated lumbar disc and lumbar spinal stenosis. Doc. 14-2 at 60-61. Plaintiff subsequently met with Dr. DeFauw, who also observed that Plaintiff had an annular tear at L3-L4 and L5-S1. Dr. DeFauw administered osteopathic manipulative treatment in May 2014 to which Plaintiff had a good initial response. Doc. 13-10 at 55.

### C.  The ALJ's Findings

In September 2014, following an administrative hearing, the ALJ denied Plaintiff's applications for benefits. At step one of the sequential analysis, he found that Plaintiff had not engaged in substantial gainful activity since his onset date. Doc. 13-3 at 20. At step two, the ALJ determined that Plaintiff had the severe impairment of degenerative changes in the lumbosacral spine, but did not have an impairment or combination of impairments that met or equaled a listing impairment. Doc. 13-3 at 21. The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform work at the sedentary exertion level. Doc. 13-3 at 28-29. While Plaintiff could not return to his past work, the ALJ determined that he could perform other work in the national economy. Doc. 13-3 at 29-30. Therefore, the ALJ concluded that Plaintiff was not disabled. Doc. 13-3 at 30.

### D.  Evidence Presented to the Appeals Council

After the ALJ issued his decision, Plaintiff submitted to the Appeals Council a questionnaire that Dr. Grissom had filled out in December 2014. Doc. 14-3 at 3-7. Dr. Grissom opined that Plaintiff's back problems limited his lift and carry ability to ten pounds occasionally and less than ten pounds frequently. Doc. 14-3 at 3. Plaintiff could stand and/or walk for less

than two hours in an eight-hour workday and could only sit in a working position for less than six hours. Doc. 14-3 at 4. Dr. Grissom specified that Plaintiff would need more than the usual rest periods on the job and could be expected to miss three or more days of work per month due to exacerbations of his pain. Doc. 14-3 at 5-6. Dr. Grissom based his opinion on Plaintiff's diagnosed lumbar-sacral degenerative disc disease and annular lumbar disc tear. Doc. 14-3 at 6. The doctor noted that it was reasonably likely that Plaintiff had been limited to the extent described since his onset date in October 2012. Doc. 14-3 at 6. In conclusion, Dr. Grissom noted that (1) there was no conflict between his answers and the medical findings contained in Plaintiff's chart; and (2) any normal findings on physical examinations during an office visit were not necessarily inconsistent with his medical opinion. Doc. 14-3 at 7. The Appeals Council acknowledged receiving and considering Dr. Grissom's opinion, but summarily ruled that the information did not provide a basis for changing the ALJ's decision. Doc. 13-3 at 3, 5.

## II.  APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner uses the following sequential five-step inquiry to determine whether a claimant is disabled: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing his past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes him from performing his past work, other factors

including age, education, past work experience, and RFC must be considered to determine if any other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id.* If the claimant satisfies his burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### III.  ARGUMENT

Plaintiff presents three arguments in support of reversing Defendant's decision: (1) whether the ALJ's decision is supported by substantial evidence in light of the submission of Dr.

Grissom's December 2014 opinion to the Appeals Council; (2) the ALJ erred by not including any limitations in his analysis about the effect of Plaintiff's mental impairments on his ability to work; and (3) the ALJ used incorrect legal standards in assessing Plaintiff's symptoms. Doc. 21 at 7-8, 20. Because this case is resolved on the first ground raised, the second and third issues are not addressed in this opinion. Nevertheless, Plaintiff may raise those issues on remand. 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim); 20 C.F.R. § 416.1483 (same).

In relation to Issue 1, Plaintiff argues that the Appeals Council erred by not recognizing the special deference it should have accorded to treating physician Dr. Grissom's December 2014 opinion. Doc. 21 at 25-29. Defendant responds that Dr. Grissom's opinion is inconsistent with the ALJ's finding that Plaintiff could perform the full range of sedentary work, and Plaintiff has failed to establish good cause for not submitting the additional evidence to the ALJ. Doc. 22 at 10-11. Further, Defendant notes that the Appeals Council considered Dr. Grissom's report, found no reason to further review the ALJ's decision, and had no duty to explain its decision. Doc. 22 at 10-11. Additionally, Defendant contends that Dr. Grissom's "retrospective diagnosis" does not clearly relate to the period of disability at issue and is not material because it is dated after the ALJ's decision. Doc. 22 at 12-13. Finally, Defendant contends that Dr. Grissom's "checkbox" opinions should be discounted for lack of detail and citation of supporting medical records. Doc. 22 at 14-15.

Plaintiff replies that the Social Security statutes and applicable regulations require an adjudicator to explain the consideration given to each medical source opinion. Doc. 25 at 1-2. He contends that no fact finder attempted to reconcile Dr. Grissom's opinion with the other medical records, which were consistent with his claim of disability. Doc. 25 at 2. Moreover,

Plaintiff argues that the state agency's consulting doctors did not have the opportunity to review (1) his October 2013 MRI; (2) Dr. Hamblin's November 2013 and March 2014 reports and findings; or (3) Dr. Grissom's December 2014 opinion. Doc. 25 at 3.

## IV. ANALYSIS

### A. Good Cause Requirement

As an initial matter, the Court finds meritless Defendant's argument that Plaintiff has to show good cause for not submitting Dr. Grissom's December 2014 report to the ALJ. The cases Defendant cites for the "good cause" requirement involve claimants seeking remands from district courts to the Commissioner. Claimants are free to submit new evidence to the Appeals Council, however. 20 C.F.R. § 404.968(a); 20 C.F.R. § 416.1468(a). Evidence submitted for the first time to the Appeals Council is considered part of the record upon which the Commissioner's final decision is based. *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). Thus, if new evidence is presented to the Appeals Council, the district court must examine all of the evidence, including the new evidence, and determine whether the Commissioner's final decision to deny a claim was supported by substantial evidence. *Sun v. Colvin*, 793 F.3d 502, 510 (5th Cir. 2015). The regulations do not, however, require the Appeals Council to discuss the newly submitted evidence or give its reasons for denying review. *Id*. at 511-12.

### B. Dr. Grissom's Retroactive "Checkbox" Opinion

The Court also finds little merit to Defendant's assertions that Dr. Grissom's opinion was impermissibly "retroactive" and that his check-mark responses to the questionnaire should be discounted. The retrospective diagnosis that formed part of Dr. Grissom's opinion was supported by medical evidence during the relevant time period. Although Dr. Grissom did not directly cite to any particular medical records, that is not necessary so long as other substantial

evidence in the record supports the opinion. *Likes v. Callahan*, 112 F.3d 189, 191 (5th Cir. 1997) (holding that retrospective medical diagnoses may constitute relevant evidence of the disability if they are corroborated by other evidence relating back to the claimed period of disability); *cf. Luckey v. Astrue*, 458 Fed. App'x 322, 326-27 (5th Cir. 2011) ("[W]hile retrospective medical diagnoses may constitute relevant evidence of the onset of disability, they must at least be corroborated by lay evidence relating back to the claimed period of disability."). The retrospective opinion must refer clearly to the relevant period of disability and not simply express an opinion about the claimant's current status. *McLendon v. Barnhart*, 184 Fed. App'x 430, 432 (5th Cir. 2006).

Dr. Grissom, who had treated Plaintiff as early as November 2013, had the longitudinal perspective to assess Plaintiff's ability to work, and his findings were supported by other medical evidence in the record, including MRIs which showed disc herniation, disc bulging at multiple sites, and neural impingement. Doc. 13-9 at 16-18. Additionally, Plaintiff's CT scan indicated, *inter alia*, mild disc space narrowing, mild to severe central canal stenosis throughout his lumbar spine, a disc bulge, and multifactorial moderate to severe central canal stenosis at several levels in the lumbar spine. Doc. 13-8 at 26. Also, Dr. Grissom explicitly found in rendering his December 2014 opinion that Plaintiff had been limited to the extent described since his October 2012 onset date, which was corroborated by the other evidence in the record as described above. Doc. 13-8 at 26; Doc. 13-9 at 16-18; Doc. 14-3 at 6; *Likes*, 112 F.3d at 191.

Moreover, "check box" opinions are not precluded from consideration simply because of the nature of the form. *See Stevenson v. Astrue*, No. 07-CV-269-N, 2008 WL 1776504, at *3 (N.D. Tex. Apr. 16, 2008) (Godbey, J.) (noting that "there is no authority that requires the court to reject a medical opinion merely because it is in checklist form"). Dr. Grissom's opinion

9

regarding Plaintiff's physical abilities on the checklist form was consistent with and supported by other substantial evidence of record, including his own earlier examinations of Plaintiff, Drs. Hamblin's and DeFauw's reports, and Plaintiff's MRI and CT results.  Furthermore, Dr. Grissom's opinion about Plaintiff's difficulty sitting is supported by Dr. Hamblin's observation that Plaintiff's pain increased with forward bending to sit with good posture and was relieved with leaning backwards.  Doc. 14-3 at 4.  Additionally, both Dr. Hamblin and Dr. Grissom pointed to Plaintiff's annular tears as the source of his pain.  Doc. 14-1 at 10; *Myers*, 238 F.3d at 621.  In light of the other evidence of record, there is no basis for rejecting Dr. Grissom's opinion merely because it is in a check-box format.

        C.        **Appeals Council's Review of the New Evidence**

When a claimant requests that the Appeals Council review an ALJ's decision, the Appeals Council "may deny a party's request for review or it may decide to review a case and make a decision."  20 C.F.R. § 416.1481; 20 C.F.R. § 404.981; *Sun*, 793 F.3d at 511.  When the Appeals Council makes a decision, it must follow the same rules for considering opinion evidence as the ALJ.  20 C.F.R. § 416.927; 20 C.F.R. § 404.1527.  In deciding whether to deny a claimant's request for review, the Appeals Council must consider and evaluate any "new and material evidence" that is submitted as long as it relates to the period on or before the ALJ's decision.  20 C.F.R. § 416.1470(b); 20 C.F.R. § 404.970(b).  If the Appeals Council finds that the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record," the Appeals Council will review the case.  *Sun*, 793 F.3d at 511.  Otherwise, it will deny the claimant's request for review.  *Id.*  "Only if the Appeals Council grants a request for review and issues its own decision on the merits is the Appeals Council required to make findings of fact and explain its reasoning."  *Id.* (quoting *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011)).

Thereafter, the Appeals Council's decision becomes binding unless the claimant seeks judicial review. 20 C.F.R. § 404.981. The regulations do not, however, require the Appeals Council to provide a discussion of newly submitted evidence or give reasons for denying review. *Id.* at 511-12. When the Appeals Council denies a claimant's request for review, as it did in this case, that denial becomes part of the Commissioner's final decision, *Higginbotham*, 405 F.3d at 336-37, and the ALJ's decision remains binding, 20 C.F.R. § 404.981.

Nevertheless, judicial review of the Commissioner's decision can be difficult, if not impossible, when the Appeals Council does not discuss relevant, new evidence that is submitted to it. *Sun*, 793 F.3d at 511 (citing *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980)). In *Epps*, the ALJ based its findings on a fact that was later directly contradicted by the new evidence submitted to the Appeals Council, yet the Appeals Council adopted the ALJ's decision unchanged without addressing the new evidence. *Epps*, 624 F.2d at 1273. Thus, there was no way to reconcile the Appeals Council's adoption of the ALJ's decision with its consideration of the new evidence.

Here, the newly submitted evidence in the form of Dr. Grissom's December 2014 opinion is significant in that it is the only opinion provided by a treating physician that details Plaintiff's work-related abilities. This evidence thus casts some doubt on the soundness of the ALJ's findings that Plaintiff had the RFC to work at the sedentary exertion level. Even if the ALJ's findings are supported by substantial evidence sans Dr. Grissom's opinion, Dr. Grissom's opinion creates an inconsistency in the medical evidence that has yet to be addressed or resolved by a fact finder. Stated differently, <u>no fact finder</u> has yet made findings regarding Dr. Grissom's opinion or attempted to reconcile it with other conflicting and supporting evidence in the record. Thus, it is unclear whether the Appeals Council properly evaluated the report. Consequently,

considering the record as a whole, the Court cannot determine whether substantial evidence supports the ALJ's denial of benefits. *Sun*, 793 F.3d at 512.

Where, as here, new medical opinion evidence is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination, cases are often remanded so that the Appeals Council can fully evaluate the treating source statement as required by law. *See Schaff v. Colvin*, No. 13-CV-304-BF, 2014 WL 1462153, at *3-4 (N.D. Tex. Apr. 15, 2014) (Stickney J.) ("The Appeals Council's boilerplate, conclusory language of its denial in cases such as this one involving new evidence from a treating physician is insufficient to comply with the Council's duties of review."); *Brown v. Astrue*, No. 10-CV-00275-O-BK, 2010 WL 3895509 (N.D. Tex. Sept. 13, 2010) (Toliver, J.), *adopted by* 2010 WL 3895507 (O'Connor, J.) (remand required where the Appeals Council noted that it had considered the new evidence and found that it did not provide a basis to change the ALJ's decision, yet the new evidence significantly conflicted with the ALJ's assessment of Plaintiff's work abilities); *Lee v. Astrue*, No. 3-10-CV-155-BH, 2010 WL 3001904, at *7 (N.D. Tex. July 31, 2010) (Ramirez, J.) (remanding for reconsideration where Appeals Council failed to specifically address the new evidence, which diluted the record to the point that Commissioner's determination was insufficiently supported).

In sum, Dr. Grissom's December 2014 opinion, and its cursory rejection by the Appeals Council, so dilutes the record that the validity of the Commissioner's determination has become questionable. *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) (holding that when the Commissioner "fails to take into consideration all of the evidence," her decision is unsupported by substantial evidence). This Court may not evaluate Dr. Grissom's assessment, the credibility or weight it should be afforded, or the medical evidence relied upon for its creation in the first instance. That power lies exclusively with the Commissioner. Therefore, remand of this case for

proper and detailed consideration of Dr. Grissom's assessment is warranted. *Meyer*, 662 F.3d at 707 ("Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance.").

## V. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Summary Judgment*, Doc. 20, is **GRANTED**, Defendant's *Motion for Summary Judgment*, Doc. 22, is **DENIED**, the Commissioner's decision is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this Opinion.

**SIGNED** March 10, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE